UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JUAN NEVADO,

                              Petitioner,

                                                                   DECISION AND ORDER

                                                                       09-CV-6509L

                              v.

UNITED STATES OF AMERICA,


                              Respondent.
_____

On October 7, 2009, petitioner, Juan Nevado ("Nevado"), filed a petition, *pro se,* which he describes as a Writ of Audita Querela under 28 U.S.C. § 1651. (Dkt. #1). The Government responded (Dkt. #4) and has moved to dismiss the petition. The petition is, in all respects, dismissed.

Nevado was sentenced by this Court on his guilty plea on October 28, 2002 to an aggregate term of 180 months. The sentence included a mandatory minimum term of 120 months on Count III, and a statutory mandatory minimum consecutive sentence of 60 months on Count IV.

The plea agreement contained a provision by which Nevado agreed not to appeal the judgment or file collateral proceedings. In fact, Nevado did not file a direct appeal but has filed several collateral proceedings.

For several reasons, this petition must be denied. First of all, regardless of its title, it is clear that this is a successive petition seeking to vacate the judgment under the procedures of 28 U.S.C. § 2255. Because Nevado has filed prior petitions, it is apparent that he seeks to avoid the prohibition against successive petitions by styling this petition as he has.

Furthermore, the plea agreement precluded not only a direct appeal but collateral proceedings and there is no reason why this Court should entertain such collateral proceedings which are contrary to the plea agreement entered into by Nevado and the Government.

Finally, on the merits, there is no basis for relief. Nevado now seeks to benefit from decisions of the United States Court of Appeals for the Second Circuit, *United States v. Whitley,* 529 F.3d 150 (2d Cir. 2008); *United States v. Williams,* 558 F.3d 166 (2d Cir. 2009), which were decided many years after Nevado's plea and sentence.

This issue has already been decided as to Nevado by the Second Circuit. In a decision dealing with Nevado's prior § 2255 motion, the Second Circuit denied Nevado's petition and specifically referenced the *Whitley* decision. The Second Circuit held that *Whitley* did not enunciate a new rule of constitutional law that had been made retroactive by the United States Supreme Court nor was it newly discovered evidence. That decision which carried Docket Number 09-0372-op in the Second Circuit was entered as a Mandate in this Court on April 6, 2009 and was entered on the docket of the several cases relating to Nevado in this Court, specifically 02-CR-6001; 02-CR-6117 and 03-CV-6154.

Therefore, for all these reasons, the petition filed by Juan Nevado (Dkt. #1) is denied and the case is dismissed.

I decline to issue a certificate of appealability because Nevado has failed to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c).

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
January 6, 2010.